

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2008

# Alcaraz-Villamil v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3589

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Alcaraz-Villamil v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1052.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1052

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 06-3589

ANYELO ALCARAZ

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES
Respondent

Appeal from Immigration and Naturalization Services,
(Agency File No. A46-000-170)

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 4, 2008

Before: McKEE, AMBRO, Circuit Judges
and IRENAS[*], Senior District Judge

(Filed: June 6, 2008)

OPINION

McKEE, Circuit Judge.

Anyelo Alcaraz petitions for review of a decision of the Board of Immigration Appeals

affirming the Immigration Judge's ruling that he is ineligible for cancellation of removal under 8

U.S.C. 1229b(a).[1] For the reasons that follow we will deny the Petition.

**I.**

---

[*]The Honorable Joseph E. Irenas, Senior District Judge of the District of New Jersey, sitting by designation.

[1]Alvarez violated New York Penal Law § 221.10 and was sentenced to a conditional discharge of one year and had his driver's license suspended for six months.

Alcaraz claims that the IJ erred in concluding that his May 8, 2003 adjudication was a "conviction" for immigration purposes and that his October 7, 2003 conviction made him statutorily ineligible to apply for cancellation of removal under 8 U.S.C. § 1229b. We disagree.

8 U.S.C. § 1101(a)(48)(A), defines "conviction" as "a formal judgment of guilt...entered by a court." *Id.* The May 8, 2003 conviction in New York Criminal Court, County of Queens, for fifth degree criminal possession of marijuana, in violation of New York Penal Law § 221.10 falls within that definition of "conviction."

Alcaraz's argument to the contrary rests upon a fundamental misreading of § 1101(a)(48)(A). He argues that that statute requires both a formal judgment of guilt *and* the imposition of some form of punishment, penalty or restraint on the alien's liberty. However, the statute is clearly written in the disjunctive, not in the conjunctive. Section 1101(a)(48)(A) reads, in pertinent part: "The term 'conviction' means, with respect to an alien, a formal judgment of guilt of the alien entered by a court *or*, if the adjudication of guilt has been withheld, where...(ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." *Id.* (emphasis added). *See also Acosta v. Ashcroft*, 341 F.3d 218, 222 (3d Cir. 2003)("[§ 1101(a)(48)(A)] provides that, in cases where *no* formal judgment of guilt has been entered by a court, an alien will be considered to have been convicted for the purposes of the INA if the disposition of the alien's criminal proceeding satisfied the two part test in [the statute.]"). The statute was no doubt intended to address situations involving diversionary programs that may not result in any immediate sanction.

## II.

Since Alcaraz's May 2003 offense is a conviction for purposes of § 1229b(a)(2),

he has never established the 7-year period of continuous residence or continuous physical presence in the United States required for cancellation of removal. Thus, when he was convicted of the second offense on October 7, 2003, he became ineligible for cancellation of removal.

Alcaraz's argument that the IJ erred in concluding that the October 7, 2003 conviction rendered him statutorily ineligible for relief rests on the erroneous premise that it did not qualify as his second conviction. Alcaraz argues that the October 18, 2005 conviction, and not the October 7, 2003 conviction, qualifies as his second conviction because he fails to realize the effect of the May 2003 conviction under immigration law.

## III,

Alcaraz also claims that his he was denied due process because he was not able to seek the cancellation of removal "for which he was clearly eligible." Petitioner's Br. at 18. However, as we have explained, he is not eligible for cancellation of removal because of his convictions in New York in May, 2003, and October 2003.

## IV.

For all of the above reasons, we will deny the Petition for Review.

3